UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
HOWARD MICHAEL ROBERTS                        CASE NO. 05-55067
EVELYN JEAN ROBERTS                           DEBTORS

---

**MIKE ROBERTS and his wife,**
**EVELYN ROBERTS**                                    **PLAINTIFFS**


**VS.**
                                    **ADVERSARY NO. 07-07-5016**



**THE CITI GROUP/Consumer Finance, Inc.**

**Serve:**
Jeffrey M. Peek
Chairman/CEO and Director
1 CIT DR #3101-C
LIVINGSTON, NJ 07039


**JOSEPH F. GRIMME**                                   **DEFENDANTS**

**Serve:**
Joseph F. Grimme
FESSLER, SCHNEIDER & GRIMME
14 North Grand Avenue
Fort Thomas, KY 41075

---

# FIRST AMENDED COMPLAINT

---

Comes now the Plaintiffs and files herein this First Amended Complaint for the purpose of correcting the identification of the Defendant, The CITI Group/Financial Services, Inc.

The Plaintiffs first reiterate and incorporate each and every allegation of the original Complaint filed herein with the following corrections:

## Introduction

1.    This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect a debt discharged by the debtors' bankruptcy.  Defendants' conduct involves the filing of a suit representing that a discharged debt is still owed. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and.

2.    This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

## Jurisdiction

3.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

4.    This Court has both personal and subject matter jurisdiction to

hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of Kentucky (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5.     This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6.     This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, Federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7.     This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8.     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## **Parties**

9.     Plaintiffs, Mike and Evelyn Roberts ("Plaintiffs"), are citizens and resident of the city of Georgetown, Kentucky.

10. The Defendant, The CITI Group/Consumer Finance, Inc. ("Citigroup"), is a New York whose corporate headquarters is located at: 1 CIT DR #3101-C, LIVINGSTON, NJ 07039. Citigroup may be served through the Kentucky Secretary of State on an officer of the corporation, Jeffrey M. Peek, Chairman/CEO and Director, at its corporate headquarters.

11. The Defendant, Joseph F. Grimme, ("Grimme") is a partner in the law firm of FESSLER, SCHNEIDER & GRIMME with offices listed with the Kentucky Secretary of State at 14 North Grand Avenue, Fort Thomas, KY 41075. The following information was obtained by undersigned counsel from the Secretary of State's website on March 29, 2007:

| | |
|---|---|
| Organization Number | 0581698 |
| Name | FESSLER, SCHNEIDER & GRIMME, LLP |
| Company Type | KLL - Kentucky Limited Liability Partnership |
| Status | I - Inactive |
| State | KY |
| File Date | 3/19/2004 |
| Organization Date | 3/19/2004 |
| Expiration Date | 3/19/2007 |
| Principal Office | 14 NORTH GRAND AVENUE |
| | FT. THOMAS, KY 41075 |

12. Based on the above information regarding FESSLER, SCHNEIDER & GRIMME the entity was formerly a Limited Liability Partnership formed on the 19th day of March 2004. As this entity is now "Inactive" the Defendant ,Joseph F. Grimme, must be served in his individual capacity at his primary

place of business, FESSLER, SCHNEIDER & GRIMME, 14 North Grand Avenue, Ft. Thomas, KY 41075.

## Facts

13.   On October 13, 2005, the Plaintiffs sought protection from their creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Kentucky.

14.   The 341(a) meeting of creditors was held in Lexington, Kentucky on the 23rd of November 2005.

15.   The Plaintiffs' Chapter 7 petition included Defendant, Citigroup, scheduled as a secured debt, a First mortgage lien of $107,641.70 dated April 11,2003, and by Amendment [Docket Entry #8] filed by the Plaintiffs on the 2nd day of November 2005, a debt to CitiFinancial was listed by the Plaintiffs and a Second mortgage lien of $16,228.18 dated December 17, 2003.  Both mortgage liens were asserted by Citigroup and CitiFinancial on the residential real estate and manufactured home of the Plaintiffs located at 1348 Glass Road, Stamping Ground, KY 40379.  Said mortgages are recorded in the Scott County Clerk's Office in Scott County, Kentucky.

16.   The Plaintiffs Surrendered their Stamping Ground home and property as stated in their petition.

17.   Citigroup, and its agents (including Defendant Grimme) received notice of the filing of the Plaintiffs' bankruptcy petition.

18.    CitiFinancial received notice by way of the Plaintiff's Amended schedule(s).

19.    On March 7, 2006, the Plaintiffs were granted a discharge pursuant to 11 U.S.C. § 524.

20.    The Plaintiffs allege this Discharge included any debt owed by the Plaintiffs to the Defendant Citigroup and/or the creditor, CitiFinancial.

21.    On the 24th day of March 2006, the Chapter 7 Trustee, Hon. Lucinda Masterton ("Trustee"), filed an adversary action against creditor CitiFinancial to determine the priority and validity of the recorded lien/mortgage.  Said adversary was filed in the this Court, <u>Lucinda Masterton, Trustee vs. The CIT Group/Consumer Finance, Inc.</u>, Case No. 05-55067.

22.    The Trustee's suit alleged that Citigroup's First mortgage lien contained a defective Certificate of Acknowledgement and therefore not in compliance with KRS 423.130 and KRS 423.150 and consequently void.  In addition, the suit alleged that Citigroup failed to perfect its lien on the Plaintiff's manufactured home by failing to timely record its secured interest on the title.

23    Further, the adversary alleged that the Trustee's interest in the Plaintiffs' real property was superior to the interest of CitiFinancial's 2nd Mortgage lien.

24    The Trustee, by order of this Court dated June 8, 2006 obtained a

Default Judgment against CitiFinancial which in part provided:

> The Trustee may convey the property free and clear of the <u>liens</u> of Citifinancial Services, Inc. All interest of the Defendant Citifinancial Services Inc. in the real property of the Debtors, including but not limited to the mortgage interest reflected in Mortgage Book 628 Page 336 of the records of the Scott County, Kentucky Clerk, <u>are hereby extinguished and Citifinancial Services Inc. may claim no further interest or lien in the real property</u>. A copy of this Order may be recorded in the office of the Scott County, Kentucky Clerk <u>to reflect a release of the lien of Citifinancial Services, Inc</u>. appearing in Mortgage Book 628 Page 336.Emphasis the Plaintiffs'.

25    On the 31st day of July 2006, the Trustee filed a Notice of Compromise to accept from Citigroup the amount of $20,000.00 in return for the Trustee's interest in the real property and manufactured home of the Plaintiffs. This Court granted the Compromise of Controversy by Order dated the 25th day of August 2006.

26    An Agreed Order of Dismissal was entered in the adversary  on the 25th day of August 2006 between the Trustee and Citigroup, containing the following provisions [A true and accurate copy of the Agreed Order of Dismissal is attached to this Complaint as Plaintiffs' Exhibit A]:

> The Trustee believes that CIT's lien in the Debtors' real estate is unperfected and may be avoided by the Trustee and preserved for the benefit of the estate. The mortgage lien of the Defendant, CIT, the subject of this adversary action, shall be deemed avoided by the

Trustee and preserved for the benefit of the bankruptcy estate, thus CIT shall be an unsecured creditor with regard to its mortgage which is the subject of this adversary action.   Agreed Order of Dismissal, page 1, Docket Entry # 36.

And

CIT shall, for the amount of $20,000.00, purchase from Plaintiff, and the Plaintiff agrees to convey to Defendant CIT, free and clear, all right, title and interest of the Bankruptcy Estate of Howard Michael Roberts and Evelyn Jean Roberts and of the Debtors themselves, in the real property of the Debtors by Quitclaim Deed.   The Trustee further assigns to CIT, all right title and interest to the manufactured home of the Debtors and her interest in the Default Judgment granted by this Court against Citifinancial Services, Inc., on June 8, 2006. Agreed Order of Dismissal, page 2, Docket Entry # 36.

And

The Trustee has previously been granted a Default Judgment against the Defendant Citifinancial Services, Inc. by order of this Court dated June 8, 2006 providing that the Trustee may convey the property free and clear of the liens of Citifinancial Services, Inc. All interest of the Defendant Citifinancial Services Inc. in the real property of the Debtors, including but not limited to the mortgage interest reflected in Mortgage Book 628 Page 336 of the records of the Scott County, Kentucky Clerk, are hereby extinguished and Citifinancial Services Inc. may claim no further interest or lien in the real property. A copy of this Order may be recorded in the office of the Scott County, Kentucky Clerk to reflect a release of the lien of Citifinancial Services, Inc. appearing in Mortgage Book 628 Page 336.. Agreed Order of Dismissal, page 2, Docket Entry # 36.

27    On the 12th day of October 2006 the Trustee, Lucinda Masterton, executed and her counsel, Hon Laura Kincheloe, sent to Attorney Marc D. Dietz, Counsel for Citigroup, a Quitclaim Deed transferring all of the interest held by the Trustee which included any interest held by the creditor CitiFinancial.   A Default Judgment was obtained against the creditor CitiFinancial by Trustee Lucinda Masterton.   [A true and accurate copy of the cover letter and Quitclaim Deed of the Trustee is attached hereto as Exhibit A to this Complaint.]

28    The Defendant Citigroup has a significant and substantial history of automatic stay and discharge violations in cases involving discharged Debtors. The Plaintiff avers that this history enhances the seriousness of the violations in this case and in fact requires the award of substantial punitive damages in this matter.

## First Claim for Relief
### (Violation of the Automatic Stay)

29    The allegations in paragraphs 1 through 28 of this complaint are realleged and incorporated herein by this reference.

30    The actions of Citigroup and or Grimme, acting individually or in concert with one another, did commit one or more of the following violations of 11 USC 362:

A. 362(a)(1) – continuation of a judicial, administrative or other action or proceeding against the debtor to recover a claim against the debtor that arose before the commencement of the case under this title;

B. 362(a)(4) - any act to create, perfect, or enforce any lien against property of the estate;

C. 362(a)(6) - any act to collect, assess, or recover a claim against the debtors that arose before the commencement of the case under this title.

31    That as result of the adversary action of the Trustee and the execution of a Quitclaim Deed by the Trustee the Defendants knew, or should have known, that any claim of interest by the Plaintiffs, the Trustee on behalf of the Plaintiffs' bankruptcy estate and CitiFinancial were all extinguished.

32    The above acts or omissions by Citigroup and/or Grimme were willful and vexatious.

33    That as a direct and proximate result of such conduct, Debtors:

A. Suffered emotional distress, public humiliation and mental anguish;

B. Have been deprived of a fresh start;

C. Have been denied the protection of the automatic stay;

D. Suffered exacerbation of Debtor Howard Michael Roberts' pre-existing heart condition requiring medical attention and treatment that is ongoing;

E.  Required legal assistance to remedy these issues;

F.  Incurred attorney fees and expenses of litigation.

34.    Based on 11 USC 105(a), 11 USC 362(k)(1) and this Court's inherent authority, sanctions may issue against a party for violation of the stay and these sanctions may include an award of reasonable attorney fees and expenses.

35.    The above violations of 11 U.S.C. Section 362, by Citigroup constitutes gross violations of the Stay and Citigroup and/or Grimme is liable to the Debtors for actual damages, punitive damages and legal fees.

### Second Claim for Relief
### (Discharge Violation)

36.    The allegations of paragraphs 1-35 above are realleged and incorporated herein by reference.

37.    The actions of Defendants in this case, in filing a unnecessary foreclosure action in the Scott Circuit Court, Division I, Case No. 06-CI-751 and seeking to obtain an *In Personam* Judgment against the Plaintiffs on a discharged debt are in violation of the discharge injunction entered in Plaintiff's' bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

38.    The Plaintiffs allege that the actions of the Defendants in seeking to collect on a debt after the Plaintiffs' lawful discharge, constitute a gross

violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

39.    The conduct of the Defendants in this case has substantially frustrated the Discharge Order entered by this Court and has caused the Debtors:

   A. unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code

   B. Has caused the Debtors to suffer emotional distress, public humiliation and mental anguish;

   C. Has deprived the Debtors of a fresh start;

   D. Has caused serious exacerbation of Debtor Howard Michael Roberts pre-existing heart condition requiring medical attention and treatment that is ongoing;

   E. Required legal assistance to remedy these issues;

   F. Incurred attorney fees and expenses of litigation.

40.    In order to carry out the provision of the Code and to maintain the integrity of this Court actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code should be imposed.

41.    In order to protect Plaintiffs and other Debtors who have secured a full discharge this Court should impose sanctions against the Defendants for

their misconduct in this case.

42.    As a result of the Defendants' violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

**Third Claim for Relief**
**(Fair Debt Collection Practices Act)**

43    The allegations in paragraphs 1 through 42 of this complaint are realleged and incorporated herein by this reference.

44    The Defendant Joseph F. Grimme, is a duly licensed and practicing attorney in the State of Kentucky and a "Debt Collector" within the meaning of such as defined under 15 USC§1692 of the Fair Debt Collection Practices Act ("FDCPA").

45    Grimme, while the Plaintiffs were in their Chapter 7  case and acting at the direction of and/or on behalf of Citigroup, was aware of all of the proceedings in the Debtors' bankruptcy case, including the litigation of the Trustee that resulted extinguished all of the asserted interests of CitiFinancial, the Bankruptcy Estate of the Plaintiffs and CitiFinancial and that the Plaintiffs were represented by counsel, Sandra Varellas.

46    Grimme did cause to have served upon the Plaintiffs a Complaint filed in the Scott Circuit Court, Division I, Case No. 06-CI-751 on the 29th of November 2006, attempting to foreclose on the Debtors' property.

47    Grimme did not serve the Plaintiffs through their attorney, Sandra
Varellas, in spite of being aware that the Plaintiffs were represented by counsel
at the time of the filing of the foreclosure Complaint.

48    That despite being served with an Answer to the unnecessary
foreclosure action by the Plaintiffs' bankruptcy counsel, Sandra Varellas,
Grimme failed Dismiss the foreclosure action.

49    Grimme's violations include, but are not limited to, engaging in any
conduct the natural consequences of which is to harass, oppress, or abuse any
person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

50    By the filing of the foreclosure action and seeking In Personam
Judgment against the Plaintiffs Grimme violated 1692e(2)(A) which specifically
makes it unlawful for a debt collector to "to falsely represent "the character,
amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

51    By the filing of the foreclosure action and seeking In Personam
Judgment against the Plaintiffs Grimme violated Section 1692e(5) which makes
it unlawful to threaten to "take any action that cannot legally be taken or that
is not intended to be taken." 15 U.S.C. § 1692e(5).

52    As a Debt Collector, Grimme has failed to implement any effective
policy to assure that he is in compliance with either the automatic stay or the
discharge injunction.

53    As a Debt Collector, Grimme has failed to implement an effective

procedure to assure that foreclosure actions do not seek *In Personam* relief from Discharged Debtors.

54    As a Debt Collector, Grimme has failed to implement effective procedures to avoid direct contact with consumer Debtors who are represented by attorneys.

55    As a result of the above violations of the FDCPA, Grimme is liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, and punitive damages to deter future actions of this kind, Court costs and attorney's fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants, individually and/or collectively, respectfully pray of the Court as follows:

A    That the Plaintiffs have and recover a sum to be determined by the Court in the form of actual damages;

B    That the Plaintiffs have and recover a sum to be determined by the Court in the form of statutory damages;

C    That the Plaintiffs have and recover a sum to be determined by the Court in the form of punitive damages;

D    That the Plaintiffs have and recover all legal fees and expenses incurred by their attorney;

E    That this Court order the Defendants to pay additional actual

damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

F        That the Defendants obtain a Dismissal of the Scott County foreclosure action and all inaccurate and/or derogatory reports made by either Defendant on the credit reports of the Plaintiffs' shall be corrected;

G        That the Plaintiff have such other and further relief as the Court may deem just and proper.

Date this the 2nd day of April 2007.

/s/   Carole M. Friend
Carole M. Friend
838 High Street #251
Lexington, KY 40502
(KBA Member No. 23628)
614-906-2377
Fax: 614-355-0158
carole_friend@msn.com
COUNSEL FOR THE PLAINTIFFS

EXHIBIT A

## LAURA KINCHELOE

*Attorney at Law*
167 West Main Street, Suite 1300
Lexington, Kentucky 40507
(859) 243-0078
(859) 243-0079 – Fax

October 12, 2006

Marc D. Dietz
Adams, Stepner, Woltermann & Dusing, PLLC
40 West Pike Street
P.O. Box 861
Covington, KY 41012-0861

     Re:    Masterton v. The CIT Group
            Adv. No. 06-5090, US Bankruptcy Court, Eastern District of Kentucky

Dear Marc:

Enclosed please find an original deed from Lucinda Masterton to your client.

Thank you for you attention to this matter. Please call me if you have any questions.

Very truly yours,

Laura Kincheloe

DEED

This deed made and entered into this 12th day of October, 2006, by and between

Lucinda Masterton (the "Trustee"), 4857 Paynes Mill Road, Lexington, KY 40510, Trustee of

the Chapter 7 Bankruptcy Estate (the "Estate") of Howard Michael Roberts and Evelyn Jean

Roberts (the "Debtors"), U.S. Bankruptcy Case No. 05-55067, and pursuant to 11 U.S.C. §363

and proper Orders of the United States Bankruptcy Court for the Eastern District of Kentucky,

Lexington Division, conveys any and all interest of the Estate, (hereinafter the Trustee may be

referred to as "Party of First Part"), and The CIT Group/Consumer Finance, Inc., whose address

is 715 South Metropolitan Avenue, Oklahoma City, Oklahoma (the "Purchaser"), (hereinafter

Purchaser will be referred to as the "Party of the Second Part").

W I T N E S S E T H:

WHEREAS, a Petition in bankruptcy was filed by the Debtors on October 13, 2005, in

the United States Bankruptcy Court for the Eastern District of Kentucky (the "Court"), Case 05-

55067, and pursuant to 11 U.S.C. Section 701, the Trustee was appointed Trustee for the Estate.

WHEREAS, on March 24, 2006, the Trustee filed a Complaint initiating an Adversary

Proceeding in the United States District Court for the Eastern District of Kentucky, Lexington

Division (Adv. No.: 06-5090) (the "Adversary"), in which Adversary the Trustee named The CIT

Group/Consumer Finance, Inc., as the Defendant. The Trustee initiated the Adversary to avoid a

lien to proceed with the sale of Real Property as a whole pursuant to 11 U.S.C. §363(h). On or

about April 17, 2006, the Court entered an Agreed Order resolving the Adversary. A copy of the

Agreed Order is attached hereto as **Exhibit A**. On July 31, 2006, the Trustee filed a Notice of

Proposed Compromise. A copy of the Notice of Proposed Compromise is attached hereto as

**Exhibit B**. No objections being filed, an Order entered authorizing the Trustee to sell her

interest in the Real Property to The CIT Group/Consumer Finance, Inc. A copy of the Order is

attached hereto as **Exhibit C**.

NOW, THEREFORE, the Trustee, by virtue of the title and powers vested in her by the

Acts of Congress relating to bankruptcy, and the same as amended, and for and in consideration

of the sum of TWENTY THOUSAND DOLLARS ($20,000.00), paid to the Party of the First

Part, the receipt of which is hereby acknowledged, the Party of the First Part does hereby grant,

convey and release unto the Party of the Second Part, in fee simple, all the right, title and interest

of the Bankruptcy Estate of Howard Michael Roberts and Evelyn Jean Roberts, in and to a

certain tract or parcel of land located at 1348 Glass Road, Stamping Ground, Scott County

Kentucky, more particularly described as follows:

All that tract or parcel of land situated on the west side of Glass Pike 3.3
miles north of Long Lick Pike, Scott County, Kentucky and being bounded
on the north by the property of Jim Humphrey and on the west and south by
Arnett Howard and being more particularly bounded and described as follows,
to wit:

Beginning at a p.k. nail set in the centerline of Glass Pike in the line of Jim
Humphrey; thence with his line for three calls S 45 17 33 W 199.96 feet to a
point in the fence S 46 29 47 W 72.37 feet to a point in the fence S 47 40 00
W 214.41 feet to a 1½" Rebar set at fence intersection; thence with a new
division line with Howard and a fence for four calls S 47 46 33 E 43.36 feet
to a 6" Locust S 33 21 04 E 54.92 feet to a 3" Snag S 43 47 31 E 105.77 feet
to a 3" Snag S 33 00 54 E 56.76 feet to the east side of a 48" Burnt Oak;
thence continuing with a new line with Howard for three calls S 63 47 31 E
124.74 feet to a 36" White Oak S 57 03 15 E 133.21 feet to the south member
of a triple Hickory S 57 08 32 E 285.73 feet to a p.k. nail set in the centerline
of Glass Pike; thence with the centerline of Glass Pike for eleven calls
N 08 38 47 E 33.84 feet to a p.k. nail N 08 56 54 W 67.09 feet to a p.k. nail
N 19 37 46 W 66.38 feet to a p.k. nail N 24 08 13 W 100.67 feet to a p.k. nail
N 26 46 44 W 136.70 feet to a p.k. nail N 23 55 09 W 92.39 feet to a p.k. nail
N 10 03 33 W 56.23 feet to a p.k. nail N 07 45 28 W 88.88 feet to a p.k. nail

2

N 13 41 16 W 96.82 feet to a p.k. nail N 23 48 20 W 71.72 feet to a p.k. nail N 33 59 35 W 63.50 feet to the beginning, and containing 5.001 acres and being a portion of that property in Deed Book 142, Page 583, Scott County Clerk's Office.

Being the same property conveyed to Mike Roberts, and Evelyn Roberts, his wife, by Deed dated July 21, 1989 and recorded 07/21/1989 in Deed Book 180, Page 671, Scott County, Kentucky, Clerk's Office.

To have and to hold the above described property, together with all appurtenances and privileges thereunto belonging unto said property and also the estate herein which the Party of the First Part has or has power to convey or dispose of in her capacity as Trustee of the estate of Howard Michael Roberts and Evelyn Jean Roberts, in bankruptcy, unto the Party of the Second Part, in fee simple, its successors and assigns forever.

This conveyance is made free and clear of all liens and encumbrances and is further made by the trustee in her official capacity only, and offers a **Special Warranty** to the title thereto, to the extent she may do so as said trustee and no personal liability is thereby implied.

IN WITNESS WHEREOF, Lucinda Masterton, Trustee of the Chapter 7 Bankruptcy Estate of Howard Michael Roberts and Evelyn Jean Roberts, has hereunto set her hand on the day and year first above written.

LUCINDA MASTERTON, as and only as
Trustee of the Estate of Howard Michael Roberts and
Evelyn Jean Roberts, in Bankruptcy

3

## CONSIDERATION CERTIFICATE

We, the undersigned, hereby certify that the consideration as reflected in this Deed is the

full consideration paid for the property.

PARTY OF THE FIRST PART:

LUCINDA MASTERTON, Trustee for the
Estate of Howard Michael Roberts and Evelyn Jean
Roberts, in Bankruptcy

PARTY OF THE SECOND PART:

The CIT Group/Consumer Finance, Inc.

STATE OF KENTUCKY    )
) SCT.
COUNTY OF FAYETTE    )

The foregoing Deed and Consideration Certificate was acknowledged, subscribed and

sworn to before me by Lucinda Masterton, Trustee of the Chapter 7 Bankruptcy Estate of

Howard Michael Roberts and Evelyn Jean Roberts, this 12th day of October, 2006.

My commission expires: _____.

NOTARY PUBLIC, KENTUCKY STATE AT LARGE

4

STATE OF _____ )
                    ) SCT.
COUNTY OF _____ )

      The foregoing Consideration Certificate was subscribed and sworn to before me by

_____, of The CIT Group/Consumer Finance, Inc., for and on

behalf of the said company, this _____ day of October, 2006.

      My commission expires: _____.

                                    _____
                                    NOTARY PUBLIC STATE AT LARGE

PREPARED BY:

LAURA KINCHELOE, PLLC

_____
Laura Kincheloe
167 West Main Street, Suite 1300
Lexington, Kentucky 40507
Telephone: (859) 243-0078